IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**LAQUISHA B. DAVIS**,

        **Petitioner,**

                                        **Case No.: 1:14-cv-06250**

**v.**

**SANDRA BUTLER, Warden,**

        **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATIONS

On January 29, 2014, Laquisha B. Davis (hereinafter "Petitioner") filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1). Pending before the Court are Petitioner's petition and Respondent's Motion to Dismiss or Transfer. (ECF No. 9). This case is assigned to the Honorable David A. Faber, United States District Judge, and by standing order is referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned respectfully **RECOMMENDS** that the District Court **DENY** Petitioner's Petition for a Writ of Habeas Corpus, **GRANT** Respondent's Motion to Dismiss, and **DISMISS** this action from the docket of the Court.

## I.    **Introduction**

On August 21, 2008, in the United States District Court for the Eastern District

1

of Virginia, Petitioner pled guilty to one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841, and one count of possession of a firearm in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c). (ECF No. 9 at 4, 28). On November 26, 2008, Petitioner was sentenced by the district court to thirty-seven months' imprisonment on the possession with intent to distribute count and sixty months' imprisonment on the firearm count, with the latter sentence to run consecutively to the former. (*Id.* at 4). Petitioner was also sentenced to three years of supervised release on the possession with intent to distribute count and five years of supervised release on the firearm count, which were to run concurrently. (*Id.*) Petitioner did not pursue a direct appeal to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit"). (ECF No. 10 at 2).

On April 9, 2009, Petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255 in the sentencing court. (ECF No. 9 at 4). In that motion, Petitioner alleged that her counsel was ineffective and caused her to plead guilty to the firearm charge even though she was actually innocent. (*Id.* at 12). She requested that the district court resentence her. (*Id.* at 12, 21). On August 30, 2010, the district court issued an opinion and order denying Petitioner's § 2255 motion and denying a certificate of appealability.[1] (*Id.* at 5).

On December 23, 2011, the district court issued an order under 18 U.S.C. § 3582 reducing Petitioner's sentence from ninety-seven months' imprisonment to

---

[1] The district court found Petitioner's claim of innocence to be "palpably incredible and patently false" given her contradictory sworn statements made during the Rule 11 plea colloquy. At the plea hearing, Petitioner acknowledged that she understood the nature of the firearm charge and was pleading guilty to the charge because she was in fact guilty of the offense. *See United States v. Davis,* Case No. 3:08-CR-259, United States District Court for the Eastern District of Virginia, Richmond Division. (ECF No. 35).

eighty-four months' imprisonment to account for retroactive changes made to the crack cocaine sentencing guidelines. (*Id.* at 6). On September 24, 2013, Petitioner filed a second § 2255 motion in the sentencing court, again arguing that she was actually innocent of the firearm charge. (*Id.* at 23-26). As of January 8, 2015, Petitioner's second § 2255 motion remains pending in the sentencing court.

On January 29, 2014, Petitioner filed her Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in this Court.[2] (ECF No. 1). As her sole ground for relief, Petitioner asserts that her guilty plea to the firearm count should be vacated because she was not in possession of a firearm in furtherance of a drug-trafficking crime as defined by 18 U.S.C. § 924(c) and is therefore actually innocent of the offense. (ECF No. 1 at 6). On March 25, 2014, the undersigned ordered Respondent to answer or otherwise respond to the petition. (ECF No. 6). On May 12, 2014, Respondent filed a Motion to Dismiss or Transfer arguing that the petition was actually a successive § 2255 motion despite its label as a § 2241 petition, and requesting that the Court either dismiss the petition, or construe the petition as a request for permission to file a successive § 2255 motion and transfer it to the Fourth Circuit. (ECF No. 10 at 4, 8-9, 10). The undersigned gave Petitioner an opportunity to reply to Respondent's motion; however, she has not done so. (ECF No. 6).

---

[2] At the time that she filed her petition, Petitioner was incarcerated at the Federal Prison Camp in Alderson, West Virginia. (*Id.* at 1). On April 2, 2014, the Clerk received a letter from Petitioner advising the Court that she was released to a halfway house in Virginia. (ECF No. 8). According to the Inmate Locator on the Federal Bureau of Prisons website, Petitioner was released (presumably from the halfway house) on September 4, 2014. However, because Petitioner was sentenced to five years of supervised release, she is still considered to be in custody for habeas corpus purposes, and thus, her case is not moot. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999) ("A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion."); *King v. United States*, No. 6:07-cv-00447, 2009 WL 3246803, at *1 n.2 (S.D.W.Va. Oct. 5, 2009) (recognizing same); *see also United States v. Robles*, 546 F. App'x 751, 754 n.3 (10th Cir. 2013) (recognizing that petitioner's release did not moot petition because he was subject to supervised release); *McDaniel v. United States*, 491 F. App'x 105, 107 n.1 (11th Cir. 2012) (same).

## II.     Discussion

Title 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Although § 2241 provides a general grant of habeas corpus authority, the remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. To the contrary, "[i]t is only when '§ 2255 proves inadequate or ineffective to test the legality of detention,' that a federal prisoner may pursue habeas relief under § 2241." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citation omitted); *see also In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) (stating that in "a limited number of circumstances," § 2255 is inadequate to test the legality of the prisoner's detention, and accordingly, the prisoner may file a habeas petition under § 2241.). The "savings clause," found at 28 U.S.C. § 2255(e), occasionally allows a § 2241 petition to take the place of a § 2255 motion, but not "merely ... because an individual is procedurally barred from filing a Section 2255 motion," *In re Vial*, 115 F.3d at 1194, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. *Young v. Conley*, 128 F. Supp. 2d 354, 357 (S.D.W.Va. 2001). Rather, the savings clause creates a narrow opening through which a petitioner may pass when her § 2241 claim contains all three of the following characteristics: (1) at the time of her conviction, the settled law of the circuit or the Supreme Court established the legality of her conviction; (2) subsequent to her direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which she was convicted is now deemed not to be criminal; and (3) she cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law. *In re Jones*, 226 F.3d at 333-34. The petitioner bears the burden of establishing

that a § 2255 motion is inadequate or ineffective by satisfying the *Jones* criteria. *See Hood v. United States*, 13 F. App'x 72, 2001 WL 648636, at *1 (4th Cir. 2001); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hayes v. Ziegler*, No. 5:11-cv-00261, 2014 WL 670850 (S.D.W.Va. Feb. 20, 2014).

   In the instant action, Petitioner unequivocally challenges the validity of her federal judgment and sentence. Thus, Petitioner's claim must be brought pursuant to 28 U.S.C. § 2255, unless she can demonstrate under the savings clause that § 2255 is inadequate or ineffective. Petitioner makes no such showing. Although she argues that she is actually innocent of the firearm conviction, she does not claim that she was guilty at the time of conviction and is now innocent due to an intervening change of substantive law. Instead, she contends that she was always innocent of the offense for the simple reason that she did not actually possess the firearm when she was selling crack cocaine. (ECF No. 2 at 2). Petitioner claims that she pled guilty to the offense because she did not understand that to violate 18 U.S.C. § 924(c)(3), she had to physically possess the firearm "during AND in relation to" the drug-trafficking transaction. (*Id.* at 1-2). Petitioner further argues that her conviction and sentence do not comport with *Alleyne v. United States*, ____ U.S. ____, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013); therefore, she satisfies the requirements of the savings clause.

   Petitioner's reliance on the *Alleyne* case to satisfy the requirements of the savings clause is without merit, as the *Alleyne* case is inapposite. (ECF No. 2 at 3). The Court in *Alleyne* held that any fact that increases the mandatory minimum penalty for a crime must be submitted to a jury and proven beyond a reasonable doubt, rather than by a preponderance of the evidence. 133 S.Ct. at 2155. Here, Petitioner pled guilty to the firearm charge and admitted that the facts underlying the

charge could be proven beyond a reasonable doubt.[3] (ECF No. 9 at 29). As such, *Alleyne* is of no use to Petitioner. In any event, *Alleyne* does not apply retroactively on collateral review. *See United States v. Stewart*, 540 F.App'x 171, 172 n* (4th Cir. 2013) ("We note that *Alleyne* has not been made retroactively applicable to cases on collateral review."); s*ee, also, Gibson v. United States*, Case No. 1:11–cv-0024, 2014 WL 204198 (S.D.W.Va. Jan 17, 2014) (Noting the Fourth Circuit's decision in *U.S. v. Stewart* barred this Court from applying *Alleyne* retroactively on collateral review); *Barren v. United States,* Case No. PJM 13-1824, 2014 WL 4299092, at *7 (D.Md. Aug. 29, 2014) (*Alleyne* did not declare a new rule of law that would be retroactive); *Ramseur v. United States,* Case No. 9:11-cv-0075-RLV, 2014 WL 4854642, at *5 (W.D.N.C. Sep. 29, 2014) (*Alleyne* has not been made retroactive on collateral review); *Boyd v. United States,* Case No. 7:08-cr-0003, 2014 WL 1653065, at *2 (W.D.Va. Apr. 24, 2014) (same). Accordingly, contrary to her contention, Petitioner cannot satisfy the *Jones* criteria; thus, her claim is not cognizable under § 2241.

Given that Petitioner's claim is not properly brought under § 2241, her petition "must either be dismissed or construed as a section 2255 motion." *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). Regardless of which option the Court selects, the

---

[3] Petitioner and her counsel signed a Statement of Facts that accompanied the Plea Agreement, which provided, in relevant part, the following:

> The United States and the defendant agree that the factual allegations contained in this Statement of Facts and in Counts Four and Five of the pending Criminal Indictment are true and correct, and that the United States could have proven them beyond a reasonable doubt ... 2. On or about August 28, 2007, in the Eastern District of Virginia and within the jurisdiction of this Court, LAQUISHA B. DAVIS did possess a firearm, to wit: a Hi-Point 9mm semi-automatic pistol, in furtherance of a drug-trafficking crime, for which she may be prosecuted in a court of the United States, to wit: possession with the intent to distribute a controlled substance, in violation of 18, United States Code, Section 924(c).

*See United States v. Davis,* Case No. 3:08-CR-259, United States District Court for the Eastern District of Virginia, Richmond Division. (ECF No. 14).

Petitioner's claim is at an end in this jurisdiction. If the Court chooses to dismiss Petitioner's action, then she will be required to pursue her claim in the United States District Court for the Eastern District of Virginia because, unlike § 2241 petitions, which are brought in the district in which the petitioner is incarcerated, *see United States v. Poole*, 531 F.3d 263 (4th Cir. 2008), § 2255 directs the petitioner to "move the court which imposed the sentence" to vacate, set aside, or correct the sentence. 28 U.S.C. § 2255(a). If the Court chooses to construe the action as a § 2255 motion, then the matter will have to be transferred, as this Court lacks jurisdiction to hear it.[4]

Nevertheless, there seems to be no purpose in construing Petitioner's action as a § 2255 motion; particularly, when considering that she has already filed a motion in the sentencing court asserting the same claim, and is awaiting its resolution. (*See* ECF No. 1 at 6). Not to mention, Petitioner's pending Virginia action is the second time she has raised the "actual innocence" claim in the Eastern District of Virginia. Transferring the instant petition would make it the third time the claim was presented to the sentencing court. In addition, Petitioner's apparent lack of a certificate from the Fourth Circuit to file a successive § 2255 motion, as required by § 2255(h) and 28 U.S.C. § 2244(b)(3)(A), removes any benefit to be gained from a transfer to the Eastern District of Virginia. *Harris v. Hogsten*, No. 1:13-11595, 2013 WL 6008496, at *2 (S.D.W.Va. Nov. 13, 2013); *Satcher v. Hogsten*, No. 1:13-0466, 2013 WL 5674856, at *2 (S.D.W.Va. Oct. 17, 2013); *Currence v. Cauley*, 1:11-0088, 2013 WL 5658345, at *3 (S.D.W.Va. Oct. 15, 2013); *see also United States v.*

---

[4] Before recharacterizing a petitioner's § 2241 petition as his or her *first* § 2255 motion, a district court must warn the petitioner about the consequences of the recharacterization and allow the petitioner to either object to the recharacterization or withdraw or amend the petition. *See Camarillo-Chagoya v. Hogsten*, 553 F. App'x 341, 342 (4th Cir. 2014) (citing *Castro v. United States*, 540 U.S. 375, 384, 124 S.Ct. 786, 157 L.Ed.2d 778 (2003)). Because Petitioner has previously filed two § 2255 motions, that warning procedure is not required in this case. *See Castro*, 540 U.S. at 383.

*Winestock*, 340 F.3d 200, 205 (4th Cir. 2003) ("In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims.").

Finally, as the Government points out, the Court may exercise its authority under 28 U.S.C. § 1631, recharacterize the petition as a motion for pre-filing authorization, and transfer it to the Fourth Circuit for consideration. Title 28 U.S.C. § 1631 provides as follows:

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred on the date upon which it was actually filed in ... the court from which it is transferred.

The Fourth Circuit declined to impose "a blanket policy of mandatory transfer of unauthorized successive petitions to th[e] court for consideration as [pre-filing authorization] motions." *Jones v. Braxton*, 392 F.3d 683, 691 (4th Cir. 2004). Instead, district courts retain discretion to determine whether the transfer of an unauthorized successive petition to the Fourth Circuit is "in the interest of justice." *Id.* Thus, a district court may dismiss, rather than transfer, a petition that is frivolous or time-barred. *United States v. McNeill*, 523 F. App'x 979, 984 (4th Cir. 2013) (citing *Phillips v. Seiter*, 173 F.3d 609, 610–11 (7th Cir. 1999) (stating that the transfer of a frivolous, time-barred case is a waste of judicial resources) and *Galloway Farms, Inc. v. United States*, 834 F.2d 998, 1001 (Fed. Cir. 1987) (declining to transfer claims under § 1631 that were frivolous)). In considering whether a pre-filing authorization motion should be granted, the Fourth Circuit considers both "whether the applicant

8

made the requisite prima facie showing about a new rule of constitutional law," and whether the successive motion would be time-barred. *In re Vassell*, 751 F.3d 267, 270-71 (4th Cir. 2014). Here, as discussed below, it is unlikely that Petitioner meets either criterion for a successful pre-filing authorization motion.

Petitioner's judgment of conviction in the Virginia District Court was entered on November 26, 2008, and she did not file an appeal. (ECF No. 9 at 4; ECF No. 10 at 2). Therefore, her conviction became final ten days later on December 6, 2008. Fed. R. App. P. 4(b)(1)(A) (2008) (requiring that appeal in criminal case be filed by defendant within ten days after entry of judgment); *United States v. Johnson,* 203 F.3d 823, 2000 WL 37753, at *1 (4th Cir.  Jan. 19, 2000) (unpublished table decision) ("Where, as here, a defendant does not pursue a direct appeal, the conviction becomes final when the time expires for filing a direct appeal."); *see United States v. Sanders,* 247 F.3d 139, 142 (4th Cir. 2001) ("[S]ince [petitioner] did not file a direct appeal, his conviction became final for purposes of § 2255 subsection (1)," on the date "upon which he declined to pursue further direct appellate review."). Under the Anti–Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a § 2255 motion must be filed within one year of the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Reviewing the petition, and recognizing that Respondent raised the statute of limitations issue in her motion to dismiss or transfer, which Petitioner declined to respond to although given the opportunity, the undersigned finds no claimed impediment, or statement of fact or law, that would trigger a date described in subsection 2, 3 or 4 of § 2255(f). Consequently, subsection 1 of § 2255(f) applies, and the last date on which Petitioner could have timely filed a motion under § 2255 was December 6, 2009. She did not file the instant petition until January 29, 2014. (ECF No. 1). Therefore, the petition was clearly filed after expiration of the one-year limitation period.[5]

In addition, for the Fourth Circuit to grant a petitioner's request to file a successive § 2255 motion, the motion must contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and

---

[5] In *McQuiggin v. Perkins*, ____ U.S. ____, 133 S.Ct. 1924, 1933-35, 185 L.Ed.2d 1019 (2013), the Supreme Court held that 28 U.S.C. § 2244(d)(1)(D), a provision of the statute of limitations for federal habeas petitions by state prisoners, did not preclude a federal court from "entertaining an untimely first federal habeas petition raising a convincing claim of actual innocence." In other words, a claim of actual innocence may excuse the statute of limitations for *first* 28 U.S.C. § 2254 petitions. It is unclear whether *McQuiggin* applies to § 2255(f), the statute of limitations for § 2255 motions. *Saunders v. United States*, No. 13-C-8399, 2014 WL 201880, at *2 (N.D. Ill. Jan. 17, 2014). Assuming that the actual innocence exception applies to the statute of limitations for § 2255 motions, there is no reason to believe that *McQuiggin* would affect the analysis of untimely successive motions. *See McQuiggin*, 133 S. Ct. at 1934 (describing exception as applicable to untimely *first* federal habeas petitions); *In re Warren*, 537 F. App'x 457, 457-58 (5th Cir. 2013) (holding *McQuiggin* did not apply to successive petitions); *Ruff v. Perdue*, No. 3:13-cv-104, 2014 WL 4084326, at *5 (N.D.W.Va. Aug. 19, 2014) (adopting report and recommendation stating: "[N]othing in *McQuiggin* allows petitioner to repeatedly attempt to attack his ... conviction and sentence on the same grounds, through successive § 2244 or § 2255 motions, let alone via a § 2241 motion."). Furthermore, an actual innocence claim requires *new* evidence. *McQuiggin*, 133 S. Ct. at 1933 (citing *Schlup v. Delo*, 513 U.S. 298, 329, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)); *United States v. MacDonald*, 641 F.3d 596, 612 (4th Cir. 2011) (recognizing that actual innocence claim "obliges the prisoner to proffer some new evidence in support of his habeas corpus claim"); *United States v. Barajas*, No. 5:13CV80574, 2013 WL 5720339, at *1 (W.D.Va. Oct. 18, 2013) (rejecting claim under *McQuiggin* where petitioner offered no newly discovered evidence); *Smith v. Fed. Bureau of Prisons*, No. 9:13-384, 2013 WL 3833050 (D.S.C. July 23, 2013) (adopting report and recommendation recognizing that petitioner's actual innocence claim was "facially inadequate" where petitioner did not allege discovery of any new evidence). In this case, although Petitioner has alleged actual innocence, she has not supported her claim with even an allegation of new evidence. For these reasons, *McQuiggin* is immaterial to Petitioner's case.

> convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h); *see also Winestock,* 340 F.3d at 205. Here, "tak[ing] a peek at the merits" of the petition, Petitioner has not set forth any potentially meritorious claim under either prong of § 2255(h). *Phillips*, 173 F.3d at 610. Because the petition is time-barred and does not allege a potentially meritorious claim under § 2255(h), transfer to the Fourth Circuit is not "in the interest of justice."

## III.   <u>Proposal and Recommendations</u>

For the aforementioned reasons, the undersigned respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that Petitioner's Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, (ECF No. 1), be **DENIED,** Respondent's Motion to Dismiss, (ECF No. 9), be **GRANTED** to the extent that it requests dismissal, and this action be **DISMISSED,** with prejudice, and removed from the docket of the court.

The parties are notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may

be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to the opposing parties, Judge Faber and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to Petitioner and Respondent.

**FILED:**  January 12, 2015

Cheryl A. Eifert
United States Magistrate Judge